# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| TIMOTHY HARTER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>M.A. FRD MFG. CO., INC. dba M.A. FORD MANUFACTURING COMPANY, INC., an Iowa Corporation<br><br>Defendant. | Case No.: 3:24-cv-00056-SMR-SBJ<br><br>**UNOPPOSED MOTION TO CONSOLIDATE** |
| KEVIN HAYS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>M.A. FORD MANUFACTURING COMPANY, INC.,<br><br>Defendant. | Case No.:  3:24-cv-00057-SMR-SBJ<br><br>**UNOPPOSSED MOTION TO CONSOLIDATE** |

Defendant, M.A. Ford Manufacturing Company, Inc., ("M.A. Ford"), moves on an unopposed basis and pursuant to Federal Rules of Civil Procedure 6(b) and 42, to consolidate the above captioned actions pending in the United States District Court for the Southern District of Iowa and Stay Case Deadlines. In support, M.A. Ford states as follows:

1. Plaintiffs Timothy Harter and Kevin Hays filed separate class action complaints against M.A. Ford alleging common claims based on the same operative facts relating to a single alleged December 2023 data security incident impacting M.A. Ford's computer

system(s). *See* Harter Complaint, Case No. 3:24-cv-00056; Hays Complaint, Case No. 3:24-cv-00057.

2. On or about July 3, 2024, Plaintiff Harter, individually and on behalf of all similarly situated persons, initiated his putative class action, Case No. 3:24-cv-00056-SMR-SBJ, against M.A. Ford in the U.S. District Court of the Southern District of Iowa.

3. Plaintiff Harter alleges that MA Ford suffered a cyberattack between December 12, 2023, and December 14, 2023, when an unauthorized actor accessed M.A. Ford's systems that included personally identifiable information ("PII"). Plaintiff alleges that M.A. Ford was on notice of the risk of not only a data security incident, but the specific type of mechanism of attack employed in this particular instance, and that despite this knowledge and understanding, MA Ford failed to prevent the attack. Plaintiff Harter asserts causes of action sounding in negligence, negligence *per se*, breach of implied contract, unjust enrichment, breach of fiduciary duty, and requests declaratory and injunctive relief. Harter Complaint, Case No. 3:24-cv-00056

4. On or about July 11, 2024, Plaintiff Hays, individually and on behalf of all similarly situated persons, initiated his putative class action, Case No. 3:24-cv-00057-SMR-SBJ, against M.A. Ford in the U.S. District Court of the Southern District of Iowa.
Plaintiff Hays alleges that on December 12, 2023, M.A. Ford lost control over its current and former employees' personally identifiable information ("PII") and protected health information ("PHI") when hackers bypassed M.A. Ford's cybersecurity undetected and accessed its employees' PII. Plaintiff Hays argues M.A. Ford failed to implement and maintain reasonable security procedures and practices as required by common law, industry standards, and state and federal law. Plaintiff Hays also argues that

the notice provided by M.A. Ford was inadequate. He asserts causes of action sounding in negligence, negligence *per se*, breach of implied contract, unjust enrichment, bailment, and violation of the Iowa Personal Information Security Breach Protection Act. Hays Complaint, Case No. 3:24-cv-00057.

5. Each of the above actions are based upon the same operative facts. Moreover, the damages alleged by each Plaintiff are substantially similar as both Plaintiffs allege that their personal identifiable information ("PII") was compromised. Moreover, both Plaintiffs allege diminution in value of their PII, continued or future risk due to the PII exposure, out-of-pocket costs associated with prevention, detection, recovery, and remediation from identity theft or fraud; as well as lost time and opportunity costs associated with mitigation efforts.

6. Pursuant to Federal Rule of Civil Procedure 42(a), the "court may (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any orders to avoid unnecessary cost or delay" when actions involve a common question of law or fact. Fed. R. Civ. P. 42.

7. "Rule 42(a) is a codification of a trial court's inherent managerial power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Hendrix v. Raybestos-Manhattan, Inc.,* 776 F.2d 1492, 1495 (11th Cir. 1985) (citing *In re Air Crash Disaster at Fla. Everglades*, 549 F.2d 1006, 1012 (5th Cir. 1977) (quotation omitted)).

8. The decision to consolidate similar cases is discretionary. *Id*.

9. Consolidation of the Harter and Hays cases is not likely to yield substantial inconvenience on any party or the Court. Importantly, consolidation is not likely to lead to prejudice or

possible confusion, unfair burdens on the parties or witnesses, or undue delay to resolve the consolidated case.

10. Consolidation is proper because the Hays and Harter cases contain common questions of fact and law as they both stem from the same underlying incident and contain substantially similar injuries and causes of action; thus, litigating the two cases would present the probability of inefficiency or inconsistency.

11. Both cases are at an early state of litigation. No dispositive motions have been filed and no written discovery requests have been propounded to date.

12. Counsel for Hays does not oppose the relief requested.

13. Counsel for Harter does not oppose the relief requested.

14. Accordingly, the Parties respectfully submit that all cases arising from the same alleged data breach be consolidated and that all deadlines, including but not limited to the deadline to answer or otherwise respond to Plaintiffs' Complaint(s), the deadline to conduct the case management meeting, the deadline to file the case management report, the deadline for issuing the scheduling order, and Plaintiffs' deadline to file a motion for class certification pursuant to Local Rule 23, should be held in abeyance until after the Court has ruled on the motion for consolidation of the related cases.

15. M.A. Ford is not waiving any arguments it may make in response to Plaintiffs' Complaint(s) and expressly reserves all rights in response to the Plaintiffs' Complaint(s).

16. This Motion is filed in good faith, in the interest of justice and not for the purposes of undue delay, in the interest of judicial economy, and to avoid conflicting case management plans and deadlines, and will prevent potential inconsistent rulings.

WHEREFORE, Defendant M.A. Ford Manufacturing Company, Inc., respectfully requests

that the Court consolidate case 3:24-cv-00057-SMR-SBJ with case 3:24-cv-00056-SMR-SBJ, together with such other relief deemed just, equitable, and proper.

Dated: September 4, 2024

Respectfully Submitted,

 /s/ Rubina S. Khaleel
Rubina S. Khaleel # AT0010806
Hennessy & Roach, P.C.
14301 FNB Pkwy, Suite 308
Omaha, NE  68154
Telephone:  402-933-8851
Fax:  402-933-9379
Email: rkhaleel@hennessyroach.com

and

Jill H. Fertel* *pro hac vice forthcoming*
Jonathan D. Tobin* *pro hac vice forthcoming*
**CIPRIANI & WERNER PC**
450 Sentry Parkway, Suite 200
Blue Bell, Pennsylvania 19422
Telephone:  (610) 567-0700
jfertel@c-wlaw.com
jtobin@c-wlaw.com

*Attorneys for Defendant*

## **CERTFICATE OF CONFERENCE**

The undersigned certifies that the parties and their counsel conferred in good faith regarding the issues addressed in this motion. The parties consent to consolidation and/or reassignment.

Dated: September 4, 2024

      */s/ Rubina S. Khaleel*
Rubina S. Khaleel # AT0010806
Hennessy & Roach, P.C.
14301 FNB Pkwy, Suite 308
Omaha, NE  68154
Telephone:  402-933-8851
Fax:  402-933-9379
Email: rkhaleel@hennessyroach.com

and

Jill H. Fertel* *pro hac vice forthcoming*
Jonathan D. Tobin* *pro hac vice forthcoming*
**CIPRIANI & WERNER PC**
450 Sentry Parkway, Suite 200
Blue Bell, Pennsylvania 19422
Telephone:  (610) 567-0700
jfertel@c-wlaw.com
jtobin@c-wlaw.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on September 4, 2024, the foregoing document was filed electronically with the Clerk of the Court using PACER, which sent notification of such filing to the following:

| | |
|---|---|
| J. Barton Goplerud<br>Brian O. Marty<br>5015 Grand Ridge Drive, Suite 100<br>West Des Moines, IA 50265<br>Tel: (515) 223-4567<br>Fax: (515) 223-8887<br>goplerud@sagwlaw.com<br>marty@sagwlaw.com | Lynn A. Toops<br>Amina A. Thomas<br>COHEN & MALAD, LLP<br>One Indiana Square, Suite 1400<br>Indianapolis, Indiana 46204<br>(317) 636-6481<br>ltoops@cohenandmalad.com<br>athomas@cohenandmalad.com |
| J. Gerard Stranch, IV<br>Andrew E. Mize<br>STRANCH, JENNINGS & GARVEY, PLLC<br>The Freedom Center<br>223 Rosa L. Parks Avenue, Suite 200<br>Nashville, Tennessee 37203<br>(615) 254-8801<br>(615) 255-5419 (facsimile)<br>gstranch@stranchlaw.com<br>amize@stranchlaw.com | Samuel J. Strauss<br>Raina C. Borrelli<br>STRAUSS BORRELLI PLLC<br>One Magnificent Mile<br>980 N Michigan Avenue, Suite 1610<br>Chicago IL, 60611<br>Telephone: (872) 263-1100<br>Facsimile: (872) 263-1109<br>sam@straussborrelli.com<br>raina@straussborrelli.com |
| Jeffrey O'Brien, AT0014827<br>Bryan L. Bleichner<br>Philip J. Krzeski<br>CHESTNUT CAMBRONNE PA<br>100 Washington Ave., Ste. 1700<br>Minneapolis, MN 55401<br>Telephone: (612) 339-7300<br>Facsimile: (612) 336-2940<br>jobrien@chestnutcambronne.com<br>bbleichner@chestnutcambronne.com<br>pkrzeski@chestnutcambronnne.com | Jarrett L. Ellzey, Texas Bar No. 24040864<br>Leigh S. Montgomery, Texas Bar No. 24052214<br>Alexander G. Kykta, Texas Bar No. 24107841<br>1105 Milford Street<br>Houston, Texas 77006<br>Phone: (888) 350-3931<br>Fax: (888) 276-3455<br>jarrett@ellzcylaw.com<br>leigh@ellzeylaw.com<br>alex@ellzeylaw.com |

_/s/ [signature]_